1   A. Barry Cappello (SBN 037835)
    abc@cappellonoel.com
2   Leila J. Noël (SBN 114307)
    lnoel@cappellonoel.com
3   Matthew H. Fisher (SBN 229532)
    mfisher@cappellonoel.com
4   CAPPELLO & NOËL LLP
    831 State Street
5   Santa Barbara, California 93101
    Telephone:   (805) 564-2444
6   Facsimile:   (805) 965-5950

7   Attorneys for Plaintiff
    MGA ENTERTAINMENT, INC.,

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  MGA ENTERTAINMENT, INC., a California Corporation, | Case No.:  CV11-04932 GW (RZx) |
| 13            Plaintiff, | **PLAINTIFF'S EX PARTE APPLICATION TO (1) SET A SCHEDULE ON PLAINTIFF'S REQUEST FOR LIMITED DISCOVERY; AND (2) EXTEND THE BRIEFING SCHEDULE ON DEFENDANTS' MOTION TO DISMISS OR STAY MGA'S FIRST AMENDED COMPLAINT FOR FORUM NON CONVENIENS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 14  vs. | |
| 15  DEUTSCHE BANK AG, a German Company; BARCLAYS BANK PLC, a British Corporation; CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, DBA CALYON, a French Public Limited Company; CAISSE REGIONALE DE CREDIT AGRICOLE DE FRANCHE COMPTE, a French Cooperative Company; COMMERZBANK AKTIENGESELLSCHAFT, a British Corporation; DEUTSCHE BANK LUXEMBOURG SA, a Luxembourger Company; SOCIETE GENERALE, a French Public Limited Company; and DOES 1 through 100, inclusive,, | |
| 24            Defendants. | **[Filed concurrently with Declarations of Leila J. Noël and Isaac Larian, and [Proposed] Order]** |
| | Dept:    Courtroom 10 – Spring St. |
| | The Honorable George H. Wu |

CAPPELLO & NOËL LLP
TRIAL LAWYERS

EX PARTE APPLICATION TO SET DISCOVERY          CASE NO.:  CV11-04932 GW (RZX)
SCHEDULE AND EXTEND BRIEFING SCHEDULE
10012.003 - 190242.1

# TABLE OF CONTENTS

EX PARTE APPLICATION ...................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 5

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ................................... 5

II.  ARGUMENT ..................................................................................................... 5

    A.   Plaintiff Is Entitled To Seek Limited Discovery Regarding The Motion. ......................................................................................................... 5

        1.   A Factual Dispute Exists As To Whether Conduct Occurred In France Or The United States. ....................................................... 5

        2.   The Limited Discovery Propounded On Defendants Is Relevant To The Forum Non Conveniens Motion Under Both Federal And California Law. .................................................. 7

    B.   Plaintiff Has Timely Moved To Take Limited Discovery, And To Extend The Briefing Schedule, On The Motion. ....................................... 8

    C.   Plaintiff's Proposed Schedule For Discovery Joint Stipulation And Briefing/Hearing on Motion ..................................................................... 12

III.  CONCLUSION ................................................................................................. 13

CAPPELLO
& NOEL LLP
TRIAL LAWYERS

EX PARTE APPLICATION TO SET DISCOVERY
SCHEDULE AND EXTEND BRIEFING SCHEDULE
10012.003 - 190242.1

CASE NO.:  CV11-04932 GW (RZX)

# TABLE OF AUTHORITIES

**Cases**

*Alfadda v. Fenn,*
   1994 U.S. Dist. LEXIS 18267 (S.D.N.Y. Dec. 22, 1994) ........................................8

*Boston Telecomms. Group, Inc. v. Wood,*
   588 F.3d 1201 (9th Cir. 2009)......................................................................7

*Hall v. Superior Court,*
   150 Cal.App.3d 411, 197 Cal.Rptr. 757 (1983)......................................................2

*In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab.
   Litig.,*
   131 F. Supp. 2d 1027 (S.D. Ind. 2001) .......................................................1, 5, 6

*In re Corel Corp., Secs. Litig.,*
   147 F. Supp. 2d 363 (E.D. Pa. 2001) .............................................................7, 8

*Mission Power Eng'g Co. v. Continental Cas. Co.,*
   883 F.Supp. 488 (C.D. Cal. 1995) ..................................................................5

*Nutracea v. Langley Park Investments,*
   2007 U.S. Dist. LEXIS 6438 (E.D. Cal. Jan. 16, 2007) .........................................2, 8


**Rules**

Fed. Rules Civ. Proc. 6(b)...........................................................................1, 5

Local Rule 7-11 .....................................................................................5

Local Rule 7-19 .....................................................................................1

Local Rule 7-19.1 ...................................................................................3


**Treatises**

Rutt Group, Fed. Civ. Proc. ........................................................................5

**EX PARTE APPLICATION**

Pursuant to FRCP 6(b) and Local Rule 7-19, plaintiff MGA Entertainment, Inc. ("MGA") applies to this Court, *ex parte*, for an order (1) setting a briefing schedule for a Joint Stipulation on a dispute between the parties related to limited discovery relevant to defendants' Motion To Dismiss Or Stay MGA's First Amended Complaint For *Forum Non Conveniens* (the "Motion"); and (2) extending the briefing schedule and hearing date on defendants' Motion to allow for a ruling on the Joint Stipulation. The extension is necessary for plaintiff to make a motion for limited discovery relevant to its opposition to the Motion.  (See, e.g., *In re Bridgestone/Firestone, Inc.*, *ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 131 F. Supp. 2d 1027, 1030 (S.D. Ind. 2001) [noting that it behooves Courts to allow discovery on forum non conveniens motions].)

This motion is brought to the Court's attention by way of *ex parte* application because it is not possible to obtain the necessary relief on noticed motion.  Plaintiff's opposition to the Motion currently is due August 31st.  This does not allow plaintiff sufficient time to compel discovery on its Requests for Production relevant to the Motion, served July 27, 2011, nor to move for scheduling relief by regular motion.

In this case, plaintiff timely moved to propound limited discovery and initiated early meet and confer sessions with defendants' counsel after reviewing defendants' Motion.  The parties informed the Court of the discovery issue in their July 28, 2011 Joint Scheduling Conference Report, and advised the Court that they intended to discuss the matter with the Court at the August 11, 2011 Scheduling Conference. Since the Court moved the Scheduling Conference from August 11 to October 3, 2011, the same date as the hearing on the Motion, this discussion did not occur. Because of that, plaintiff's counsel requested a stipulation from defendants to allow the parties to file a Joint Stipulation regarding the discovery dispute ("Joint

1    Stipulation") pursuant to Local Rule 37-2, and also to extend the briefing schedule on

2    the Motion until after the resolution of the Joint Stipulation.  Telephonic meet and

3    confer sessions were held on August 16 and 17, 2011.  During these calls: (1)

4    defendants reiterated that they do not believe any discovery – even limited discovery –

5    is appropriate in connection with the Motion; and (2) defendants did not agree to the

6    parties filing a Joint Stipulation or to extend the briefing schedule on the Motion to

7    allow for filing such a Joint Stipulation.  As a result, plaintiff must enlist this Court's

8    assistance to extend the briefing schedule on the Motion to allow for a Joint

9    Stipulation on the discovery dispute related to the Motion.

10         Plaintiff requires an extension of the briefing schedule on the Motion so that it

11   can attempt to obtain limited discovery in connection with the Motion.  The

12   information plaintiff seeks is highly relevant to the arguments raised in the Motion.

13   Plaintiff's case alleges, among other things, fraud in connection with plaintiff's

14   purchase of shares in Smoby SA from the Breuil family.  (FAC, paras. 40-42.)

15   Plaintiff sues the defendant banks for control and aiding abetting liability under

16   California's securities laws.  (FAC, paras. 43-48; 62-66.)  This is a claim that should

17   be litigated in California. (*Hall v. Superior Court,* 150 Cal.App.3d 411, 197 Cal.Rptr.

18   757 (1983); *Nutracea v. Langley Park Investments,* 2007 U.S. Dist. LEXIS 6438 (E.D.

19   Cal. Jan. 16, 2007).

20         Defendants move to dismiss the case on grounds that none of the conduct

21   alleged in the First Amended Complaint ("FAC") took place in the United States, that

22   the banks had nothing to do with any U.S. communications, and that the subject

23   evidence cannot be compelled in this jurisdiction.  Plaintiff, however, contends that

24   the case should be heard here because key events took place in California, because the

25   banks aided and controlled Breuil's offers of sales to MGA in California, and because

26   defendants are in possession of electronic evidence establishing the above which can

27   / / /

28

EX PARTE APPLICATION TO SET DISCOVERY
SCHEDULE AND EXTEND BRIEFING SCHEDULE                    CASE NO.:  CV11-04932 GW (RZX)
10012.003 - 190242.1

1   be produced in this forum.  Discovery on these issues should be allowed to give

2   plaintiff a full and fair hearing on a potentially case-dispositive Motion.

3          This ex parte application is supported by the accompanying Memorandum of

4   Points and Authorities, Declarations of Leila J. Noël and Isaac Larian, the pleadings

5   and records on file in this action, and any oral argument and additional evidence as

6   may be presented should the Court determine to set the matter for hearing.

7          Notice of this ex parte application was provided to defendants' counsel on

8   August 17th, 21st, 22nd and 23rd, 2011 in accordance with Local Rule 7-19.1.  (Noël

9   Decl. ¶¶20, 22, 23 and 24.)  Defense counsel's addresses and telephone Nos. are as

10  follows:

| | |
|---|---|
| CHRISTOPHER J. COX | Attorneys for Defendants |
| WEIL, GOTSHAL & MANGES LLP | DEUTSCHE BANK AG, BARCLAYS |
| 201 Redwood Shores Parkway | BANK PLC, AND COMMERZBANK |
| Redwood Shores, CA  94065 | AKTIENGESELLSCHAFT |
| Telephone: (650) 802-3000 | |
| Facsimile: (650) 802-3100 | |
| Email: chris.cox@weil.com | |
| | |
| T. RAY GUY | Attorneys for Defendants |
| YVETTE OSTOLAZA | DEUTSCHE BANK AG, BARCLAYS |
| WEIL, GOTSHAL & MANGES LLP | BANK PLC, AND COMMERZBANK |
| 200 Crescent Court, Suite 300 | AKTIENGESELLSCHAFT |
| Dallas, TX  75201 | |
| Telephone: (214) 746-7872 | |
| Facsimile: (214) 746-7777 | |
| Email: ray.guy@weil.com | |
| Email: Yvette.ostolaza@weil.com | |
| | |
| LEE S. BRENNER | Attorneys for Defendant |
| KELLEY DRYE & WARREN LLP | CREDIT AGRICOLE CORPORATE |
| 10100 Santa Monica Boulevard, Suite 2300 | AND INVESTMENT BANK |
| Los Angeles, CA 90067 | |
| Telephone: (310) 712-6100 | |
| Facsimile: (310) 712-6199 | |
| E-Mail: lbrenner@whiteo.com | |

EX PARTE APPLICATION TO SET DISCOVERY
SCHEDULE AND EXTEND BRIEFING SCHEDULE
10012.003 - 190242.1

CASE NO.:  CV11-04932 GW (RZX)

1 | SARAH L. REID                       Attorneys for Defendant

SARAH L. REID                          Attorneys for Defendant
DANIEL SCHIMMEL                        CREDIT AGRICOLE CORPORATE
MELISSA E. BYROADE                     AND INVESTMENT BANK
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-Mail: sreid@kelleydrye.com
E-Mail: dschimmel@kelleydrye.com
E-Mail: mbyroade@kelleydrye.com

MICHAEL LUSKIN                         Attorneys for Defendant
HUGHES HUBBARD & REED LLP              SOCIETE GENERALE
One Battery: Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6110
Facsimile: (212) 299-6110
Email: luskin@hugheshubbard.com

RITA M. HAEUSLER                       Attorneys for Defendant
ALEX E. SPJUTE                         SOCIETE GENERALE
HUGHES HUBBARD & REED LLP
350 South Grand Avenue, 36th Floor
Los Angeles, CA 90071-3442
Telephone: (213) 613-2800
Facsimile: (213) 613-2950
Email: haeusler@hugheshubbard.com
Email: spjute@hugheshubbard.com

Defendants have notified plaintiff that they intend to oppose the ex parte application.

DATED:  August 23, 2011          CAPPELLO & NOËL LLP


By:  __/s/_____
          A. Barry Cappello
          Leila J. Noël
          Matthew H. Fisher
          Attorneys for Plaintiff
          MGA ENTERTAINMENT. INC.

4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

On a showing of good cause, the Court may sign an ex parte order extending the time within which any act is required or allowed to be done, e.g., for filing opposition papers and regulating discovery procedures.  (Fed. Rules Civ. Proc. 6(b); see also, Local Rule 7-11; *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995); Rutt Group, Fed. Civ. Proc., Chp 12, para 1.)

Here, there is good cause for the reasonable relief requested by plaintiff. Defendants have filed a Motion To Dismiss Or Stay MGA's First Amended Complaint For *Forum Non Conveniens* (the "Motion").  Federal case law authorizes discovery relevant to the Motion, since forum non conveniens is a fact-based inquiry.  (See *Bridgestone*, *supra*, 131 F.Supp.2d at 1029-1030.)  However, the Central District Local Rules do not allow sufficient time for plaintiff to compel discovery prior to its deadline to oppose the Motion, despite timely action by plaintiff.

The information plaintiff seeks is highly relevant to the arguments raised in the Motion.  *Ex parte* relief is necessary to: (1) set a Joint Stipulation briefing schedule to allow plaintiff to attempt to obtain limited discovery and incorporate it into its opposition to the Motion; and (2) extend the briefing schedule on the Motion so that it allows for a ruling on the Joint Stipulation before plaintiff files its opposition papers.

## II.    ARGUMENT

### A.    Plaintiff Is Entitled To Seek Limited Discovery Regarding The Motion.

#### 1.    A Factual Dispute Exists As To Whether Conduct Occurred In France Or The United States.

When ruling on a motion to dismiss for *forum non conveniens*, the Court conducts a fact-based inquiry based on various "public" and "private" factors.

EX PARTE APPLICATION TO SET DISCOVERY
SCHEDULE AND EXTEND BRIEFING SCHEDULE
10012.003 - 190242.1                                      CASE NO.:  CV11-04932 GW (RZX)

(*Bridgestone, supra,* 131 F.Supp.2d at 1029.)  This "daunting task" is not to be undertaken without adequate information.  (*Ibid*.)  Because of this, it behooves courts to permit discovery on facts relevant to a *forum non conveniens* motion.  (*Id.* at 1029-1030.)

For example, in *Bridgestone*, *supra*, 131 F.Supp. $2^d$ at 1031, a product liability case, defendants moved to dismiss for *forum non conveniens* on the argument that the subject tires all were manufactured abroad.  Plaintiffs moved to alter the briefing schedule on the motion and to take discovery on the basis that some of the tires were made in the U.S.  The Court granted the motion on the basis of the conflict in the evidence.

Here, the defendants' *forum non conveniens* Motion rests on grounds that, among other things, the conduct at issue occurred in France (Motion, 2:4); the relevant documents are located in Europe (*Id*. at 2:4-5); all the events giving rise to Plaintiff's claims occurred in France (*Id*. at 2:13-14); the relevant documents are in French (*Id*. at 11:21-23); several important witnesses are in Europe and it would be "extremely difficult" to obtain their testimony in the U.S. (*Id*. at 11:8.); and all of the relevant negotiations and discussions took place in France (Verle Declaration, para 8).  Defendants also disclaim any knowledge of MGA's interest in acquiring Smoby prior to April 5, 2007 (Tuffal-Quidet Declaration, para 17).

Plaintiff disputes the above.  Plaintiff contends that the key conduct took place in California and New York.  Plaintiff, through its CEO Isaac Larian, was solicited by Jean-Christophe Breuil to purchase securities in Smoby at its Van Nuys, CA offices (FAC, paras. 35-38; Declaration of Isaac Larian ["Larian Decl."], paras. 4-6).  Negotiations continued via phone calls, letters, and e-mail from and to plaintiff's offices in English, both with Breuil and representatives of the defendant banks (*Ibid*; Larian Decl., paras. 6-8).  Plaintiff also met personally with Breuil (in California and New York) and representatives of the defendant banks (in New York) to negotiate the

purchase (FAC at paras. 38-39; Larian Decl., paras. 7-10).  It was during these meetings and negotiations in California and New York that ongoing criminal activities at Smoby, of which the banks had knowledge, were concealed (FAC, paras. 40-41; Larian Dec, para. 5).  Plaintiff further contends that the bulk of the electronic evidence held by defendants regarding the above can be produced in this forum, given that the defendants all are sophisticated banks with a significant presence in the United States.

Based on the above conflicts in the evidence, it is appropriate to allow plaintiff to take limited discovery related to the issues raised in the Motion, before it has to file its opposition to the Motion.  Plaintiff therefore requests that the Court extend the briefing schedule on the Motion, and allow plaintiff to initiate a Joint Stipulation regarding the discovery dispute.

### 2.   The Limited Discovery Propounded On Defendants Is Relevant To The *Forum Non Conveniens* Motion Under Both Federal And California Law.

Plaintiff has submitted document requests to defendants seeking communications to plaintiff, its representatives, and other relevant parties located in the United States.  (See, Requests for Production Nos. 1-9, 13-15; attached to Declaration of Leila J. Noël ["Noël Decl."], para. 9; Ex. E.)  Documentation of communications to the U.S. is relevant to several *forum non conveniens* factors including: (1) the relevant ease with which plaintiff's case can be proven and documents can be accessed (see, *In re Corel Corp., Secs. Litig*., 147 F. Supp. 2d 363, 366 (E.D. Pa. 2001) [noting ease of transfer of electronic discovery from foreign location where defendant has substantial U.S. presence]); (2) disclosure of additional witnesses located in the United States (see e.g., *Boston Telecomms. Group, Inc. v. Wood,* 588 F.3d 1201, 1209 (9th Cir. 2009) [noting importance of location of material witnesses]); and (3) the local interest of the U.S. in having the case decided here (see,

/ / /

---

7

1   e.g., *In re Coral Corp. Secs. Litig., supra, 147 F.Suppl.2d at 367[US has local interest*

2   *where alleged misstatements were circulated in US].*).

3          Additionally, plaintiff seeks documentation from defendants regarding their

4   knowledge of and participation in Mr. Breuil's misrepresentations made to plaintiff in

5   its California offices.  (See, Requests for Production Nos. 10-11, 16-17, Noël Decl.

6   para. 9; Ex. E.)  Under California's fundamental public policy (which is recognized by

7   the Federal Courts), misrepresentations made in connection with the offer of the sale

8   of a security to a California citizen mandates hearing the case in California.  (See, e.g.,

9   *Nutracea v. Langley Park Investments, supra,* 2007 U.S. Dist. LEXIS 6438) [the

10  defendants' alleged knowledge, control over, and abetting of his communications to

11  California is relevant to hearing the case in this forum]; *Alfadda v. Fenn*, 1994 U.S.

12  Dist. LEXIS 18267 (S.D.N.Y. Dec. 22, 1994) [plaintiff allowed to conduct discovery

13  into relationship between U.S. based defendant and its co-conspirators to defeat *forum*

14  *non conveniens* and lack of jurisdiction motion, even though the discovery also was

15  relevant to the merits of the underlying action].)

16

17          **B.     Plaintiff Has Timely Moved To Take Limited Discovery, And To**
                      **Extend The Briefing Schedule, On The Motion.**
18

19          On June 20, 2011, the Court ordered a briefing schedule for defendants' Motion

20  pursuant to stipulation of the parties.  The schedule called for a filing date of July 18,

21  2011, an opposition date of August 31, a reply date of September 19, and a hearing

22  date of October 3, 2011.  (Noël Decl., para. 2 ; Ex. A.)  On June 21, 2011, the Court

23  issued an order setting the Scheduling Conference for August 11, 2011.  (Noël Decl.,

24  para. 3; Ex. B.)  On the basis of this order, the parties set an early meet and confer

25  session for July 21, 2011.  (Noël Decl., para. 4.)

26          On July 18, 2011, defendants filed their Motion.  On July 21, the parties

27  conducted the telephonic early conference per FRCP Rule 26(f).  At the conference,

28

1  defendants requested to postpone the initial exchange and to stay discovery pending a

2  ruling on their Motion.  Plaintiff advised defendants that it would be seeking limited

3  discovery on the factual issues raised in the Motion.  In an effort to expedite the meet

4  and confer process on the issue of limited discovery, plaintiff immediately compiled a

5  list of document categories it would seek in connection with the Motion (the

6  "Document List") and solicited early comments from defendants.  (See, July 25, 2011

7  e-mail from Leila J. Noël to multiple defense counsel, Noël Decl., para. 7; Ex. C.)

8          On July 27, 2011, Christopher J. Cox, one of the counsel for defendants, sent a

9  response letter to plaintiff's counsel stating, among other things, that defendants do

10  not believe plaintiff is entitled to any discovery in the context of a motion to dismiss

11  on the ground of *forum non conveniens,* and that the requests were objectionable on

12  other grounds, as well.  (See, July 27, 2011 letter from Christopher J. Cox to Leila J.

13  Noël, Noël Decl., para. 8; Ex. D.)  Consistent with the discussion of the parties during

14  the telephonic conference, Mr. Cox concluded his letter with the following:

15  "Accordingly, the Parties' positions with respect to these issues should be included in

16  the Report, and ***if any issues remain unresolved, the parties may need to bring them***

17  ***to the Court's attention at the case management conference on August 11, 2011.***"

18  (*Ibid.*)

19          On July 27, 2011, after considering the response letter from defendants,

20  plaintiff propounded a formal request for production of documents, encompassing

21  eighteen (18) of the requests from the Document List (the "Document Requests").

22  (Noël Decl., para. 9; Ex. E.)  The responses to this request for production currently are

23  due August 26, 2011.  Based on defendants' July 27 letter and subsequent meet and

24  confer telephone calls with defendants' counsel (see below), however, plaintiff

25  anticipates that the responses will simply reassert the objections previously raised, and

26  no documents will be produced.

27  / / /

28

EX PARTE APPLICATION TO SET DISCOVERY
SCHEDULE AND EXTEND BRIEFING SCHEDULE               CASE NO.:  CV11-04932 GW (RZX)
10012.003 - 190242.1

1    On July 28, 2011, the parties filed their Joint Scheduling Conference Report

2 (Noël Decl., para. 1; Ex. F; hereinafter "Report").  In the Report, plaintiff stated its

3 belief that limited discovery is appropriate in connection with its opposition to the

4 Motion, and the parties advised the Court that they would consider a further

5 stipulation on the subject of discovery after discussing the matter before the Court at

6 the August 11, 2011 Scheduling Conference.  (*Id.* at 1:24-2:1.)  The parties advised

7 the Court that plaintiffs contend discovery should proceed on the limited document

8 requests plaintiff believes are relevant to the motion, and that defendants object to the

9 proposed discovery.  (*Id.* at 2:10-23.)  The parties concluded by advising the Court

10 that they "are working in good faith to resolve this issue without the need for Court

11 intervention."  (*Id.* at 2:23-24.)

12    Based on the above, plaintiff anticipated that the issue of the requested limited

13 discovery would be addressed at the August 11 Scheduling Conference, and that, at

14 minimum, a briefing schedule would be set for a Joint Stipulation pursuant to Local

15 Rule 37-2, with a concurrent extension of the briefing schedule on the Motion to allow

16 for a ruling on the Joint Stipulation prior to plaintiff filing its opposition to the

17 Motion.

18    On August 10, 2011, the Court entered a minute order moving the scheduling

19 conference from August 11 to October 3, 2011, the same date as the hearing on the

20 Motion.  Because the discovery issues no longer would be addressed at a Scheduling

21 Conference, on August 11, 2011 plaintiff informed defendants' counsel that the

22 parties needed to enter into a further stipulation – as contemplated in the Report – that

23 would (1) set a briefing schedule for a Joint Stipulation on the discovery dispute; and

24 (2) extend the briefing schedule on the Motion to allow for a ruling on the Joint

25 Stipulation prior to plaintiff filing its opposition to the Motion.  (See, August 11, 2011

26 e-mail from Leila J. Noël to multiple defense counsel, Noël Decl., para. 15; Ex. G.)

27 On August 12, defendants' counsel thanked plaintiff's counsel for "reaching out" with

28

EX PARTE APPLICATION TO SET DISCOVERY
SCHEDULE AND EXTEND BRIEFING SCHEDULE
10012.003 - 190242.1                                                          CASE NO.:  CV11-04932 GW (RZX)

1   the proposal in the August 11 e-mail; on August 15, defendants' counsel advised that

2   they would like to schedule a call to discuss plaintiff's counsel's suggestions.  (Noël

3   Decl., para. 15; Ex. G.)

4          On August 16, 2011, the parties held a further telephonic meet and confer

5   regarding plaintiff's limited discovery requests.  During the call, defendants indicated

6   that they did not intend to produce documents in response to *any* of the requests in the

7   Document Requests.  Plaintiffs informed defendants that if they were unable to reach

8   agreement on an extended briefing schedule on the Motion to allow for a Joint

9   Stipulation regarding the discovery dispute, plaintiffs would need to move for *ex parte*

10  relief on those matters.  Defendants' counsel requested additional information

11  regarding why plaintiff believed the discovery requested is appropriate.  Plaintiff's

12  counsel advised that it would send a detailed e-mail outlining the factual and legal

13  bases for the requested discovery, and did so that day.  (See, August 16, 2011 e-mail

14  from Leila J. Noël to multiple defense counsel, Noël Decl., para. 17; Ex. H.)  In an

15  effort to reach an agreement regarding the scope of the limited discovery, plaintiff

16  agreed to withdraw two of the eighteen document requests.  (*Ibid,* at p. 2.)  The parties

17  agreed that they would meet and confer by telephone again the following morning.

18         On August 17, 2011, the parties reconvened the telephonic meet and confer.

19  Defendants' counsel acknowledged receiving plaintiff's counsel's e-mail regarding

20  the bases for limited discovery.  After some discussion regarding plaintiff's request

21  for a stipulated briefing schedule on a Joint Stipulation and an extension of the

22  briefing schedule on the Motion to allow for a ruling on the limited discovery dispute,

23  defendants' counsel advised they would not agree to a stipulated briefing schedule on

24  either matter.  As a result, plaintiff does not have sufficient time to move to compel

25  responses to the limited discovery propounded, prior to its current August 31 deadline

26  to oppose the Motion.  Plaintiff advised defendants that it would be filing this *ex parte*

27  application, and this was confirmed by one of defendants' counsel and by plaintiff's

28

EX PARTE APPLICATION TO SET DISCOVERY
SCHEDULE AND EXTEND BRIEFING SCHEDULE                          CASE NO.:  CV11-04932 GW (RZX)
10012.003 - 190242.1

1  counsel.  (See, August 17, 2011 e-mail from Lee Brenner to Leila J. Noël, and August

2  21, 2011 from Leila J. Noël to numerous defense counsel, Noël Decl., para. 20; Ex. I.)

3          Based on the above, good cause exists to grant plaintiff *ex parte* relief.  Plaintiff

4  could not propound discovery of any kind until after the parties' early conference on

5  July 21, 2011 (FRCP Rule 26(d)), and it could not propose appropriate limited

6  discovery directed to the *forum non conveniens* issues until after it analyzed

7  defendants' Motion.  Three days after receiving the Motion, plaintiff began the meet

8  and confer process regarding limited discovery related to the Motion, and since then

9  has met and conferred with defendants several times regarding the scope of the

10  requested discovery.  Since the parties are unable to reach an agreement regarding a

11  stipulated briefing schedule on a Joint Stipulation, and a concurrent extension of the

12  briefing schedule on the Motion to allow for a ruling on a Joint Stipulation, plaintiff

13  makes this *ex parte* application.

14

15          **C.     Plaintiff's Proposed Schedule For Discovery Joint Stipulation And
                      Briefing/Hearing on Motion.**

16

17      Plaintiff proposes that the Court extend the briefing schedule for, and postpone the

18  October 3, 2011 hearing date on, the Motion.  This will allow plaintiff the opportunity

19  to seek limited discovery related to the Motion.  In compliance with the Local Rules,

20  plaintiff suggests that the following dates would be appropriate:

21      • August 31, 2011: Plaintiff sends letter regarding meet and confer on
          defendants' expected August 26, 2011 discovery responses to plaintiff's request
22        for production (CD CA Rule 37-1).

23

24      • September 6, 2011: The parties hold a meet and confer conference (CD CA
          Rule 37-1).  If the parties cannot resolve their differences,
25

26      • September 9, 2011: Plaintiff submits its portion of the joint stipulation to
          defendants (CD CA Rule 37-2.1).

27

28

EX PARTE APPLICATION TO SET DISCOVERY            CASE NO.:  CV11-04932 GW (RZX)
SCHEDULE AND EXTEND BRIEFING SCHEDULE
10012.003 - 190242.1

- September 16, 2011: Defendants add their portions to the joint stipulation (CD CA Rule 37-2.2).

- September 19, 2011: The parties file their joint stipulation (CD CA Rule 37-2.2).

- October 3, 2011: Last day for parties to file a supplemental memorandum (CD CA Rule 37-2.3).

- October 10, 2011:  Motion to compel to be heard by Magistrate Judge (CD CA Rule 37-3).

If plaintiff's motion to compel is denied, the new briefing schedule would be as follows: October 26, 2011 for plaintiff's opposition; November 14, 2011 for defendants' reply.  The hearing on defendants' Motion would be on November 28, 2011, or the nearest date thereafter convenient to the Court.

If plaintiff's motion to compel is granted, further discussion between the parties and the Magistrate would be necessary to schedule the date by which defendants must produce responsive documents per the Magistrate's order.  This date, in turn, would inform reasonable dates for the remainder of the briefing schedule and the hearing on the Motion.

## III.    CONCLUSION

For all of the above reasons, plaintiff respectfully requests that the Court extend the briefing schedule and the hearing date on the Motion, and allow plaintiff an opportunity to initiate a Joint Stipulation regarding the dispute over limited discovery in connection with the *forum non conveniens* Motion.

DATED:  August 23, 2011              CAPPELLO & NOËL LLP


                                     By:  _/s/_____
                                         A. Barry Cappello
                                         Leila J. Noël
                                         Matthew H. Fisher
                                         Attorneys for Plaintiff
                                         MGA ENTERTAINMENT. INC.

13