MICHAEL LUSKIN (*admitted pro hac vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6110
Facsimile: (212) 299-6110
Email: luskin@hugheshubbard.com

RITA M. HAEUSLER, State Bar No. 110574
ALEX E. SPJUTE, State Bar No. 229796
HUGHES HUBBARD & REED LLP
350 South Grand Avenue, 36th Floor
Los Angeles, California 90071-3442
Telephone: (213) 613-2800
Facsimile: (213) 613-2950
Email: haeusler@hugheshubbard.com
Email: spjute@hugheshubbard.com

Attorneys for Defendant
Société Générale

(Additional Defendants and Counsel on Signature Page)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MGA ENTERTAINMENT, INC., a California Corporation, | CASE NO. CV11-04932 GW (RZx) |
| Plaintiff, | [Assigned to Hon. George H. Wu] |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION AND EVIDENTIARY OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) AND FOR FAILURE TO AVER FRAUD WITH PARTICULARITY (FRCP 9(b))** |
| DEUTSCHE BANK AG, a German Company; BARCLAYS BANK PLC, a British Corporation; CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, DBA CALYON, a French Public Limited Company; COMMERZBANK AKTIENGESELLSCHAFT, a German Corporation; and SOCIETE GENERALE, a French Public Limited Company, | Complaint Filed: March 28, 2011 |
| Defendants. | Hearing: Feb. 23, 2012<br>Time: 8:30 a.m.<br>Courtroom: 10 - Spring Street |

1

61700477_2

Defendants Société Générale, Deutsche Bank AG, Barclays Bank PLC, Commerzbank Aktiengesellschaft, and Crédit Agricole Corporate and Investment Bank, formerly known as Calyon, respectfully submit this response to the objections Plaintiff MGA Entertainment, Inc. offered in response to Defendants' Request for Judicial Notice in Support of Motion to Dismiss for Failure to State Claim Upon Which Relief Can Be Granted (FRCP 12(b)(6)) and for Failure to Aver Fraud with Particularity (FRCP 9(b)).

| PLAINTIFF'S OBJECTION | DEFENDANTS' RESPONSE |
|---|---|
| **The Joint RJN** ||
| Plaintiff opposes the Joint RJN in that it improperly seeks to obtain dismissal under Federal Rules of Civil Procedure, Rule 12(b)(6) via the Court's consideration of extrinsic evidence, effectively seeking to obtain summary judgment without affording plaintiff proper notice, appropriate procedural requirements, or a reasonable opportunity for discovery.  (Fed. R. Civ. P. 12(d).) | Plaintiff's objections should be overruled because:  (1) the grounds are contrary to the great weight of authority, in this district and elsewhere, which holds that a court may consider extrinsic facts that are subject to judicial notice when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), *see, e.g.,* Fed. R. Evid. 201(b) (facts that may be judicially noticed); *id.* 201(d) ("court may take judicial notice at any stage of the proceeding"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) (when ruling on a motion to dismiss under Rule 12(b)(6) courts "may take judicial notice of court filings and other matters of the public |

61700477_2

| PLAINTIFF'S OBJECTION | DEFENDANTS' RESPONSE |
|---|---|
| | record"); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (judicially noticeable items may be considered when evaluating a 12(b)(6) motion; *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1135-1141 (C.D. Cal. 2011) (dismissing with prejudice California securities claims and common-law fraud claims based on judicially noticeable facts in court orders and press reports); *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1113 (C.D. Cal. 2003) (dismissing securities claims on 12(b)(6) motion based on judicially noticeable reports and declining to convert to motion for summary judgment); and (2) MGA's objections fail because it has already presented substantial extrinsic evidence to the Court, including contracts drafted and executed in France (attached to the SAC), the declaration of a purported fact witness (Larian Declaration, Ex. 1 to DE 94-1), and e-mail correspondence between the parties (attached to the |

| PLAINTIFF'S OBJECTION | DEFENDANTS' RESPONSE |
|---|---|
| | Larian Declaration). |
| **Joint RJN Exhibit 2, October 19, 2007 Article from Jura Libertaire.** ||
| This evidence is objected to on the ground that it is not relevant to the issue of notice as to the Defendants; it is not authenticated; it contains matter neither generally known within the trial court's territorial jurisdiction nor accurately and readily determined from sources whose accuracy cannot reasonably be questioned; and it is multiple hearsay not within any exception.  (Federal Rules of Evidence, Rules 201(b), 401, 801, 901.) | Plaintiff's objections should be overruled because:  (1) judicial notice of this article is appropriate as it is publicly available and its contents are not subject to reasonable dispute, *see Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995) (court may take judicial notice of newspaper article); *County of Santa Clara v. Astra USA, Inc.*, 2006 WL 1344572, at *2 (N.D. Cal. May 17, 2006) (same); (2) this article is relevant to the issue of notice because it indicates what was in the public realm at the time, *see Benak ex rel. Alliance Premier Growth Fund v. Alliance Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006); (3) Plaintiff relies on substantially similar French articles and press reports that are incorporated by reference in the Second Amended Complaint ("SAC") ¶¶ 41, 42(c), 61, 99(a), 103(n), 109(a), 113(d), 119(a), 134(a), 140(d), 150(a), and 154(d); |

61700477_2

| PLAINTIFF'S OBJECTION | DEFENDANTS' RESPONSE |
|---|---|
| | (4) this article is not hearsay because it is not being offered in evidence to prove the truth of the matters asserted, *see* Fed. R. Evid. 801(c)(2); (5) this article is self-authenticating, *see* Fed. R. Evid. 902; and (6) Plaintiff offers no basis for questioning either its authenticity, its contents, or its accuracy. |
| **Joint RJN Exhibit 3, October 22, 2007 Article from Boursier.** | |
| This evidence is objected to on the ground that it is not relevant to the issue of notice as to the Defendants; it is not authenticated; it contains matter neither generally known within the trial court's territorial jurisdiction nor accurately and readily determined from sources whose accuracy cannot reasonably be questioned; and it is multiple hearsay not within any exception. (Federal Rules of Evidence, Rules 201(b), 401, 801, 901.) | Plaintiff's objections should be overruled because: (1) judicial notice of this article is appropriate as it is publicly available and its contents are not subject to reasonable dispute, *see Ritter*, 58 F.3d at 458-59 (court may take judicial notice of newspaper article); *Astra USA, Inc.*, 2006 WL 1344572, at *2 (same); (2) this article is relevant to the issue of notice because it indicates what was in the public realm at the time, *see Benak ex rel. Alliance Premier Growth Fund*, 435 F.3d at 401 n.15; (3) Plaintiff relies on substantially similar French articles and press reports that are incorporated by reference in SAC ¶¶ 41, 42(c), 61, 99(a), |

5

61700477_2

| PLAINTIFF'S OBJECTION | DEFENDANTS' RESPONSE |
|---|---|
| | 103(n), 109(a), 113(d), 119(a), 134(a), 140(d), 150(a), and 154(d); (4) this article is not hearsay because it is not being offered in evidence to prove the truth of the matters asserted, *see* Fed. R. Evid. 801(c)(2); (5) this article is self-authenticating, *see* Fed. R. Evid. 902; and (6) Plaintiff offers no basis for questioning either its authenticity, its contents, or its accuracy. |

**Joint RJN Exhibit 4, Order of Court of Appeal of Colmar, dated August 25, 2011.**

| | |
|---|---|
| This evidence is objected to on the ground that it is not relevant to the issue of notice as to the Defendants; it is not authenticated; it contains matter neither generally known within the trial court's territorial jurisdiction nor accurately and readily determined from sources whose accuracy cannot reasonably be questioned; and it is multiple hearsay not within any exception. (Federal Rules of Evidence, Rules 201(b), 401, 801, 901, 902(3); Fed. Rule Civ. Proc. 44(a)(2).) | Plaintiff's objections should be overruled because: (1) the judicial proceedings in France are incorporated by reference into SAC ¶¶ 48, 62, 75, 87, 90, and Plaintiff therefore admits that the French proceedings are related to the instant case and are relevant to the issue of notice, *see, e.g.*, *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (granting request for judicial notice of pleadings in related action); *In re Edward Jones Holders Litig.*, 453 F. Supp. 2d 1210, 1217 n.8 (C.D. Cal. |
| Moreover, even if the exhibit were judicially noticeable as a court order, | |

6

| PLAINTIFF'S OBJECTION | DEFENDANTS' RESPONSE |
|---|---|
| which plaintiff disputes, the exhibit still may not be used to establish the truth of the matters asserted or referred to in the order, merely the existence of the order. (*Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).)  The legal and factual findings of another court are not judicially noticeable.  (*Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829-830 (5th Cir. 1998).)  Disputed facts in a public record are not properly the subject of judicial notice.  (*Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985).  With respect to a foreign court's ruling, even if properly noticeable in a forum non conveniens context (which is not the basis for the Joint RJN), the court may not take judicial notice of what the foreign ruling does or does not establish. (*In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 705-06 (7th Cir. Ind. 2005).) | 2006) (taking judicial notice of related proceedings); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 & n.4 (9th Cir. 1998) (incorporation by reference doctrine also includes documents deliberately not mentioned in the complaint), *superseded on other grounds by statute, Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); (2) judicial notice of court orders is entirely appropriate and frequently granted, *see Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (emphasis added); *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995) ("[j]udicial notice is properly taken of orders and decisions made by other courts or administrative agencies"); (3) this order is hearsay within an applicable exception, *see* Fed. R. Evid. 803(8); (4) this order is self- |

7

| PLAINTIFF'S OBJECTION | DEFENDANTS' RESPONSE |
|---|---|
| | authenticating, *see* Fed. R. Evid. 902(3), and, even if it were not, Plaintiff offers no basis for questioning either its authenticity, its contents, or its accuracy; and (5) the order is offered for the limited purpose of identifying the specific dates on which Smoby was liquidated, which is a fact already admitted in the SAC (SAC ¶ 90), and is a fact not subject to reasonable dispute. |

**Joint RJN Exhibit 5, Order of Tribunal de Grande Instance of Strasbourg, dated May 28, 2010.**

| | |
|---|---|
| This evidence is objected to on the ground that it does not appear complete; it is not relevant to the issue of notice as to the Defendants; it is not authenticated; it contains matter neither generally known within the trial court's territorial jurisdiction nor accurately and readily determined from sources whose accuracy cannot reasonably be questioned; and it is multiple hearsay not within any exception. (Federal Rules of Evidence, Rules 201(b), 401, 801, 901, 902(3); Fed. Rule Civ. Proc. 44(a)(2).) Moreover, even if the exhibit were | Plaintiff's objections should be overruled because: (1) the judicial proceedings in France are incorporated by reference into SAC ¶¶ 48, 62, 75, 87, 90, and Plaintiff therefore admits that the French proceedings are related to the instant case and are relevant to the issue of notice, *see, e.g., Burbank-Glendale-Pasadena Airport Auth.*, 136 F.3d at 1364 (granting request for judicial notice of pleadings in related action); *In re Edward Jones Holders Litig.*, 453 F. Supp. 2d at 1217 n.8 (taking judicial notice of related proceedings); *see also* |

61700477_2

| PLAINTIFF'S OBJECTION | DEFENDANTS' RESPONSE |
|---|---|
| judicially noticeable as a court order, which plaintiff disputes, the exhibit still may not be used to establish the truth of the matters asserted or referred to in the order, merely the existence of the order. (*Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).) The legal and factual findings of another court are not judicially noticeable. (*Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829-830 (5th Cir. 1998).) Disputed facts in a public record are not properly the subject of judicial notice. (*Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985). With respect to a foreign court's ruling, even if properly noticeable in a forum non conveniens context (which is not the basis for the Joint RJN), the court may not take judicial notice of what the foreign ruling does or does not establish. (*In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 705-06 (7th Cir. Ind. 2005).) | *Parrino*, 146 F.3d at 706 & n.4 (incorporation by reference doctrine also includes documents deliberately not mentioned in the complaint), *superseded on other grounds by statute*, *Abrego*, 443 F.3d at 681; (2) judicial notice of court orders is entirely appropriate and frequently granted, *see Trigueros*, 658 F.3d at 987 ("[W]e may take notice of proceedings in other courts, <u>both within and without the federal judicial system,</u> if those proceedings have a direct relation to matters at issue.") (emphasis added); *Papai*, 67 F.3d at 207 n.5 ("[j]udicial notice is properly taken of orders and decisions made by other courts or administrative agencies"); (3) this order is hearsay within an applicable exception, *see* Fed. R. Evid. 803(8); (4) this order is self-authenticating, *see* Fed. R. Evid. 902(3), and, even if it were not, Plaintiff offers no basis for questioning either its authenticity, its contents, or its accuracy; and (5) the order is offered for the limited purpose of identifying the |

9

61700477_2

| PLAINTIFF'S OBJECTION | DEFENDANTS' RESPONSE |
|---|---|
| | specific dates on which Smoby was liquidated, which is a fact already admitted in the SAC (SAC ¶ 90), and is a fact not subject to reasonable dispute. |
| **Joint RJN Exhibit 8, Order of Commercial Court of Lons, dated October 30, 2006.** | |
| Grounds for Objection:  This evidence is objected to on the ground that it is not relevant to the issue of notice as to the Defendants; it is not authenticated; it contains matter neither generally known within the trial court's territorial jurisdiction nor accurately and readily determined from sources whose accuracy cannot reasonably be questioned; and it is multiple hearsay not within any exception.  (Federal Rules of Evidence, Rules 201(b), 401, 801, 901, 902(3); Fed. Rule Civ. Proc. 44(a)(2).)  Moreover, even if the exhibit were judicially noticeable as a court order, which plaintiff disputes, the exhibit still may not be used to establish the truth of the matters asserted or referred to in the order, merely the existence of the order. (*Lee v. City of Los Angeles*, 250 F.3d | Plaintiff's objections should be overruled because:  (1) the judicial proceedings in France are incorporated by reference into SAC ¶¶ 48, 62, 75, 87, 90, and Plaintiff therefore admits that the French proceedings are related to the instant case and are relevant to the issue of notice, *see, e.g., Burbank-Glendale-Pasadena Airport Auth.*, 136 F.3d at 1364 (granting request for judicial notice of pleadings in related action); *In re Edward Jones Holders Litig.*, 453 F. Supp. 2d at 1217 n.8 (taking judicial notice of related proceedings); *see also Parrino*, 146 F.3d at 706 & n.4 (incorporation by reference doctrine also includes documents deliberately not mentioned in the complaint), *superseded on other grounds by statute, Abrego*, 443 F.3d at 681; (2) judicial notice of court |

10

61700477_2

| PLAINTIFF'S OBJECTION | DEFENDANTS' RESPONSE |
|---|---|
| 668, 690 (9th Cir. 2001).)  The legal and factual findings of another court are not judicially noticeable. (*Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829-830 (5th Cir. 1998).)  Disputed facts in a public record are not properly the subject of judicial notice. (*Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985).  With respect to a foreign court's ruling, even if properly noticeable in a forum non conveniens context (which is not the basis for the Joint RJN), the court may not take judicial notice of what the foreign ruling does or does not establish. (*In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 705-06 (7th Cir. Ind. 2005).) | orders is entirely appropriate and frequently granted, *see Trigueros*, 658 F.3d at 987 ("[W]e may take notice of proceedings in other courts, <u>both within and without the federal judicial system</u>, if those proceedings have a direct relation to matters at issue.") (emphasis added); *Papai*, 67 F.3d at 207 n.5 ("[j]udicial notice is properly taken of orders and decisions made by other courts"); (3) this order is hearsay within an applicable exception, *see* Fed. R. Evid. 803(8); (4) this order is self-authenticating, *see* Fed. R. Evid. 902(3), and, even if it were not, Plaintiff offers no basis for questioning either its authenticity, its contents, or its accuracy; and (5) the order is offered for the limited purpose of confirming that a French court ratified Defendants' bridge loan to Smoby, which is a fact already admitted in the SAC (SAC ¶¶ 41, 48), not for the proof of any facts set forth therein. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION AND EVIDENTIARY OBJECTIONS

61700477_2

| PLAINTIFF'S OBJECTION | DEFENDANTS' RESPONSE |
|---|---|
| **Joint RJN Exhibit 9, May 25, 2007 AMF Public Securities Notification.** | |

| PLAINTIFF'S OBJECTION | DEFENDANTS' RESPONSE |
|---|---|
|     This evidence is objected to on the ground that it is not relevant to the issue of notice as to the Defendants; it is not authenticated; it contains matter neither generally known within the trial court's territorial jurisdiction nor accurately and readily determined from sources whose accuracy cannot reasonably be questioned; and it is multiple hearsay not within any exception.  (Federal Rules of Evidence, Rules 201(b), 401, 801, 901, 902(3); Fed. Rule Civ. Proc. 44(a)(2).) Disputed facts in a public record are not properly the subject of judicial notice. (*Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985). |     Plaintiff's objections should be overruled because:  (1) the AMF is the French equivalent of the SEC (*see* Jt. Mot. at 20 n.11) and the grounds for taking judicial notice of SEC materials on a motion to dismiss apply with equal force to AMF materials, *see Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *Argent Classic Conv. Arb. Fund L.P. v. Countrywide Fin. Corp.*, No. CV-07-07097, slip op. at 6 (C.D. Cal. Mar. 19, 2009) (documents filed with SEC "indisputably subject to notice"); *In re Computer Scis. Corp. Deriv. Litig.*, 244 F.R.D. 580, 587 n.8 (C.D. Cal. 2007) (same); (2) it is equally well settled that a court may take judicial notice of administrative agency materials, *see Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 N.5 (9th Cir. 1995) ("[j]udicial notice is properly taken of orders and decisions made by . . . administrative agencies"); (3) this public notice of the AMF is hearsay |

61700477_2

| PLAINTIFF'S OBJECTION | DEFENDANTS' RESPONSE |
|---|---|
| | within an applicable exception, *see* Fed. R. Evid. 803(8); and (4) this public notice of the AMF is self-authenticating, *see* Fed. R. Evid. 902(3), and, even if it were not, it is a public filing made by Plaintiff to which Plaintiff may not now — and gives no justification for — questioning its authenticity, contents, or accuracy. |

Filing counsel hereby attests that concurrence in the filing of this document has been obtained from the other signatories of this document.

Dated:  February 13, 2012

HUGHES HUBBARD & REED LLP

By:  /s/ Rita M. Haeusler
Rita M. Haeusler
Attorneys for Defendant
Société Générale

-and-

Dated:  February 13, 2012

WEIL, GOTSHAL & MANGES LLP

By:  /s/ Christopher J. Cox
Christopher J. Cox (Bar No. 151650)
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Attorneys for Defendants
DEUTSCHE BANK AG,
BARCLAYS BANK PLC and
COMMERZBANK
AKTIENGESELLSCHAFT

-and-

13

61700477_2

1
2   Dated:  February 13, 2012                    KELLEY DRYE & WARREN LLP

3                                               By: /s/ Lee S. Brenner
4                                                   Lee S. Brenner (Bar No. 180235)
                                                    10100 Santa Monica Blvd, 23rd Flr.
5                                                   Los Angeles, CA 90067
                                                    Telephone: (310) 712-6125
6                                                   Facsimile: (310) 712-6199
                                                    Attorneys for Defendant
7                                               CREDIT AGRICOLE CORPORATE
                                                AND INVESTMENT BANK,
8                                                   formerly known as Calyon
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION AND EVIDENTIARY OBJECTIONS
61700477_2